## NATHANIEL JORDAN *vs.* SAMUEL ELDRIDGE.

The location of a town or private way by the Selectmen, or their order, must precede the issuing of the warrant to call the town meeting for its acceptance.

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

Trespass *quare clausum* for taking down and carrying away the plaintiff's fence. The defendant justified, that the fences were upon a town way and a private way, and that as surveyor of highways he removed them. The bill of exceptions states the evidence, and divers requests for instructions, but does not show, whether any ruling was made, or instructions given or withheld, or whether any verdict was rendered. The exceptions were filed by the plaintiff, and allowed by the Judge. The case sufficiently appears from the opinion of the Court.

*J. Appleton*, for the plaintiff, with other grounds, argued, that the proceedings in laying out the roads were void, because the alleged location of the highway did not take place, until after the warrant for calling the town meeting at which it is said to have been accepted, had been issued. *Howard* v. *Hutchinson*, 1 *Fairf.* 335 ; *Keen* v. *Stetson*, 4 *Pick.* 492.

*Rogers*, for the defendant, contended, that it was sufficient if the order to lay out the road was given before the warrant for calling the town meeting was issued. In such case it is legal, if the return be made before or at the town meeting.

The opinion of the Court was drawn up by

SHEPLEY J. — The exceptions in this case are not presented with so much accuracy as would be desirable. There is no statement that the Judge refused to give the instructions requested, or that any instructions were given, or any verdict found. It may be inferred, that the verdict was against the plaintiff, because he takes the exceptions, and that the instructions requested were refused for the same reason, and also because the Judge has allowed the exceptions.

The justification of the defendant will depend upon the legality of the proceedings of the selectmen of *Dexter* in laying out a town way in 1830, and a private way for the use of himself and *Libbey* in 1836.

On the 19th of *March*, 1830, the selectmen directed the surveyor to lay out the town way, and upon the same day issued their warrant calling a town meeting for its approval and allowance. The surveyor made his return, under date of the 27th, to the selectmen in the town meeting held on the 29th of the same *March*.

The private way was by the selectmen, by their order to the surveyor, dated on the 4th of *September*, 1836, directed to be laid out; and on the same day they issued their warrant calling a town meeting for its approval and allowance. The return of the surveyor, without date, appears to have been made to the town meeting held on the 14th day of the same month.

In the case of *Howard* v. *Hutchinson*, 1 *Fairf.* 335, it was decided, that the laying out of a town or private way must precede the issuing of the warrant calling the meeting for its approval. The reasons for this construction of the statute are there given. They were in brief, that it was necessary to enable the party to have that hearing before the selectmen, and also before the town, to which he was entitled.

The result of such a decision is, that the town way and the private way named in this case were both illegally laid out, and that they can afford no justification to the defendant.

*Exceptions sustained.*